**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

DeWAYNE POLLARD,

                Plaintiff,

   vs.                                                           Case No. 03-C-99

ARAMARK, et al.,

                Defendants.

---

## DECISION AND ORDER

---

This Court recently warned DeWayne Pollard ("Pollard") that his failure to comply with Court orders could result in the dismissal of his suit. Despite this warning, Pollard has ignored a Court order and, even more, he has informed his opponent that he intends to hold steady to his course of non-compliance. At his opponents' request, Pollard's suit is dismissed.

### *I. BACKGROUND*

Pollard sued Aramark, John Barbagallo, Amy Mcilvaine, Jody Syrja, Jeff Butler, and Brad Campbell (collectively "Aramark"), for violations of Title VII and 42 U.S.C. § 1981.[1] Beset primarily by discovery difficulties, this lawsuit has sputtered from the start. For example, Pollard was required to disclose, no later than July 2004, the addresses and telephone numbers of the 148 witnesses he named. *See* Fed. R. Civ. P. 26(a)(1)(A). He did not do so. Undeterred

---

[1] The Court has already dismissed Pollard's Title VII claim against John Barbagallo, Amy Mcilvaine, Jody Syrja, Jeff Butler, and Brad Campbell. *See* Decision and Order of March 25, 2004. The Court has also granted a motion for judgment on the pleadings by former-defendant Center for Advanced Studies in Business, a/k/a Fluno Center for Executive Education. *See* Decision and Order of May 3, 2004.

by Pollard's failure, Aramark sought the same information by a different mechanism. In late August 2004, Aramark served interrogatories on Pollard, asking for, among other things, the names, addresses, and phone numbers of his witnesses. Pollard failed yet again to provide the information. In January 2005, the Court intervened and ordered Pollard to provide his witness information by March 12, 2005. He still has not done so.

In the order compelling Pollard, the Court noted that typically when a motion to compel is granted the loser must bear the winner's costs. That meant Pollard should have paid Aramark's costs for having to bring the motion. But Pollard had been granted *in forma pauperis* status, so the Court declined to award Aramark its costs. The Court did observe, however, that Pollard should not be allowed to "hide behind the shield of indigency and thumb his nose at the rules of engagement." (Decision and Order February 25, 2005.) Accordingly, the Court warned Pollard that continued failure to cooperate in this litigation could lead to non-monetary sanctions, including dismissal. Yet, Pollard has still not complied, and this time he has boldly announced that he has no intention of complying. (*See* Aff. of James K. Ruhly ¶ 4.)

Pollard also has hindered Aramark's efforts to depose him. He cancelled two depositions less than an hour before they were scheduled to begin, and on a third occasion failed to appear without notice. He stalled before producing over 1,000 pages of documents, providing them only after being deposed for 6 ½ hours. Pollard's unwillingness to cooperate with his opponent and comply with Court orders has hampered Aramark's ability to defend itself.

## *II. DISCUSSION*

Civil Local Rule 41.3 (E.D. Wis.) provides:

> Whenever it appears to the court that the plaintiff is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within twenty (20) days.

Case law also recognizes the district courts' inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). Such a dismissal is appropriate when there is a clear record of delay or contumacious behavior. *Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993); *Daniels*, 887 F.2d at 785. Although no case should be dismissed for failure to prosecute without "explicit warning" of the potential sanction, there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. *Ball v. City of Chicago*, 2 F.3d 752, 755-56 (7th Cir. 1993). The Seventh Circuit has instructed that, ideally, courts should consider a number of factors including:

> the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citation omitted).

A careful consideration of these factors leads the Court to conclude that Pollard's suit should be dismissed. First, Pollard failed to comply with Court-imposed deadlines on at least

two occasions: failing to comply first with the disclosure requirements of Rule 26 and, later, with the order compelling him to disclose his witnesses' addresses and telephone numbers. In addition, he has failed to appear for his own deposition on several occasions, even after the parties agreed on dates. These failures are not insignificant; they have crippled discovery. Moreover, Pollard has not responded to Aramark's pending motion for sanctions. He has ended whatever semblance of cooperation he exhibited until now. Pollard's failures to comply with deadlines are unacceptable, and his current attitude dictates that his case be dismissed. Whatever the frequency and magnitude of Pollard's transgressions to this point, it is senseless to continue this lawsuit when he no longer intends to press his action.

        The first factor—the frequency and magnitude of the plaintiff's failure to comply with deadlines— is probably sufficient reason alone to dismiss Pollard's suit, but an examination of the remaining factors make that conclusion even more apparent. The responsibility for Pollard's failures cannot be apportioned; Pollard represents himself, and has only himself to blame for the failure to prosecute this suit. As a result of Pollard's dereliction, the Court's time has been occupied by motions to compel and motions for sanctions rather than any motions that advance the substantive resolution of this lawsuit. That is not a productive use of the Court's time. Moreover, his acts (or failures to act) have prejudiced Aramark. His witness list contains 148 names, only a few of which have any contact information. Aramark is unable to arrange depositions for people it cannot contact. Aramark is entitled to mount a defense against Pollard's claim, but Pollard's inability to cooperate undermines these efforts.

The probable merits of the suit and the consequences of the dismissal for the social objective of this type of litigation are more difficult to assess. It is nearly impossible to make a determination about the merits of Pollard's suit because there have been few filings with any substance before the Court (at least not with respect to the remaining defendants and claims). Pollard's suit alleges civil rights violations, and such suits serve an important social function. In some circumstances the Court may be hesitant to dismiss such suits. But Pollard has announced that he has no intention of complying with the Court's order to facilitate discovery. Nor has he responded to this motion for sanctions. If Pollard will not prosecute his action, the Court will not keep it on the docket. Aramark has asked that the suit be dismissed with prejudice. While civil rights suits serve important social objectives (when they are meritorious and when they are pressed), the Court, considering Pollard's egregious disregard for his own action coupled with the aforesaid failures, will dismiss with prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Aramark's Motion for Sanctions [Docket No. 56] is **GRANTED**. Pollard's action is **DISMISSED** with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of April, 2005.

        **BY THE COURT**

        s/ Rudolph T. Randa

        **Hon. Rudolph T. Randa**
        **Chief Judge**

-5-
Case 2:03-cv-00099-RTR   Filed 04/29/05   Page 5 of 5   Document 61-2