**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**DeWAYNE POLLARD,**

                **Plaintiff,**

     vs.                                                    **Case No. 03-C-99**

**ARAMARK, et al.,**

                **Defendant.**

## DECISION AND ORDER

DeWayne Pollard ("Pollard") filed a lawsuit against Aramark and a number of other defendants (collectively "Aramark") for violations of Title VII and 42 U.S.C. § 1981, but his suit was dismissed because he failed to prosecute it. Five days after judgment was entered against him, Pollard filed an "objection of motion of dismissal," which in this circuit is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Lorenzen v. Employees Ret. Plan of Sperry & Hutchinson*, 896 F.2d 228, 231 (7th Cir. 1990) ("In this circuit, *all* motions addressed to the judgment that are filed within ten days of the entry of judgment, except purely procedural motions, such as for extensions of time, and motions that kick off collateral proceedings such as a proceeding to obtain an award of costs or attorney's fees, are deemed to be Rule 59(e) motions."). In short, Pollard is asking this Court to reconsider its order dismissing the case; he also asks the Court to appoint him counsel. The Court will do neither.

Rule 59(e) is designed to relieve a party from the finality of a judgment and permit further proceedings. *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995). The rule permits a party to ask the Court to reconsider its judgment in light of newly discovered evidence, manifest errors of law or fact, an intervening change in the law, or to prevent manifest injustice. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1 (2d ed. 1995); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Committing determinations to the discretion of the Court, *Zivitz v. Greenberg*, 279 F.3d 536, 539 (7th Cir. 2002), Rule 59(e) "enables the court to correct its own errors and thus to avoid unnecessary appellate procedures." *Moro*, 91 F.3d at 876. But Rule 59(e) motions are not intended to allow a party who has failed to present his case or timely comply with court orders to finish presenting his case or comply with court orders *after* the Court has ruled against him, *see Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995); *see also Servants of the Paraclete*, 204 F.3d at 1012 (a motion for reconsideration under Rule 59(e) "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefings."). If that were allowed, "some lawsuits really might never end, rather than just seeming endless." *Frietsch*, 56 F.3d at 828.

Pollard had his chance to convince the Court not to dismiss his suit for failure to prosecute, but he ignored it (the same way he ignored other deadlines). So, guided by a laundry list of factors set out in *Aura Lamp & Lighting v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003), the Court determined that Pollard's suit should be dismissed. His

transgressions were frequent and significant. Pollard failed to make the initial disclosures required by Rule 26 of the Federal Rules of Civil Procedure. He cancelled 3 depositions–two of them only one hour before they were scheduled to begin—and walked out early on another. He produced over 1,000 documents in an untimely manner. He failed to answer interrogatories, even after the Court ordered it. And he never responded to Aramark's motion for sanctions asking that this case be dismissed. His inability to cooperate, to obey the Rules of Civil Procedure and Court orders, prevented this litigation from ever going anywhere. Pollard's failures are his own fault—he is litigating this suit pro se. And, although lawsuits alleging potentially legitimate civil rights violations are important, the Court had no way to measure the merits of Pollard's suit because Pollard's own disregard for his action prevented the Court from learning anything substantive about the action. Because Pollard ignored orders and rules Aramark filed motions to compel and a motion for sanctions, which are less useful ways to spend the Court's time than substantive motions that advance litigation. In addition, Pollard's behavior hamstrung Aramark. Pollard submitted a list of 149 witnesses, but provided contact information only for a handful of the named witnesses. As a result, Aramark was unable to arrange depositions for most of Pollard's witnesses, or to organize a defense strategy since it could not know what Pollard's witnesses might say.

      Now Pollard asks the Court to reconsider, having hardly addressed any of the shortcomings that led the Court to dismiss his case in the first place. Pollard has resubmitted his list of 149 witnesses and this time 59 of the witnesses have *some* of the required information. Even assuming this list came close enough to complying in form with the Court's order (which

–3–
Case 2:03-cv-00099-RTR    Filed 08/11/05    Page 3 of 5    Document 69

it does not) it comes nowhere near complying in time. The Court ordered Pollard to provide his witnesses addresses and phone numbers to Aramark by March 12, 2005. He did not. Aramark filed a motion for sanctions, asking the Court to dismiss the case because Pollard had (once again) failed to comply with a deadline. Pollard did not respond to that motion, nor did he even try to comply with the Court's order or provide an explanation. Instead, only after the Court dismissed his case, and fifty-three days after the deadline for complying with the Court order, did Pollard provide a list that partially complies with the Court's order. In short, Pollard has not remedied the very ailments that caused his suit to be dismissed in the first place. In fact, he has reinforced the Court's concern that he is chronically late and will not abide by Court orders and deadlines.

Of course, all of that is immaterial because a Rule 59(e) motion is not an opportunity to raise facts or law that could have been raised before judgment was entered. *See Frietsch*, 56 F.3d at 828; *Servants of the Paraclete*, 204 F.3d at 1012; *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994) ("Unlike the Emperor Nero, litigants cannot fiddle as Rome burns."). Pollard could have gathered the information that he was required to gather before judgment was entered. Pollard could have complied with deadlines and responded to motions before judgment was entered. Instead, Pollard refused to diligently prosecute his action, even after repeated warnings.

The Court dismissed Pollard's action because he failed to meet deadlines, failed to follow the rules, and failed to comply with a Court order. It is ironic that Pollard has come

back fifty-three days late, complying only in small part with the Court's order, and asked the Court to reconsider. There is no reason to relieve Pollard from this judgment.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pollard's Rule 59(e) motion to alter or amend the judgment, comprised by docket entries 63-66, is **DENIED**.

Pollard's request for appointment of counsel is **DISMISSED** as moot.

Dated at Milwaukee, Wisconsin this 11th day of August, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**